### COOPER *against* BISSELL.

If a *venire*   IN ERROR, to the Court of Common Pleas of the coun-
be executed
and returned ty of *Oneida*.
by any other
person than   The defendant in error brought an action in the Court
the sheriff,
without a spe- below against the plaintiff in error. The declaration con-
cial suggestion
of facts, and tained two counts; 1. A count in *trespass*, for breaking the
an award to
such person, plaintiff's close, and taking and carrying away his horse;
upon the re-
cord, it is an and, 2. A count in *trover*, for the conversion of the plain-
error for which
judgment will tiff's horse. The defendant below pleaded *not guilty.* A
be reversed.

Counts in trespass *vi et armis*, and trover, cannot be joined in the same declaration, the judgment
on each being different.

A misjoinder of counts is a fatal defect, on demurrer, and arrest of judgment, or writ of error.

venire was awarded on the record, and the cause was conti- nued for several terms, by *vice-comes non misit breve.* The record then stated, that at the term when the cause was tried, the coroner of the county of *Oneida* returned the precept to him directed and delivered for summoning a jury between the parties, and that the jurors, thus summoned, being sworn, found a verdict for the plaintiff below.

Judgment having been rendered according to the ver= dict, the defendant below brought a writ of error; and the errors alleged were, the misjoinder of counts, and that the *venire* had been returned by the coroner, without any award to that effect, upon the record.

*Talcot,* for the plaintiff in error. He cited, 21 *Vin. Abr.* 306, *Trial,* (*H. e.*) pl. 9, 10, 11. 2 *Burr.* 1114. Lord *Raym.* 273, 274. 2 *Saund.* 117. *e. n.* 2. 117. *c.* (*n.*) 1 *Chitty Pl.* 198, 199. 5 *Bos. & Pull.* 476. 2 *Wils.* 322. 2 *Bos. & Pull.* 424. 1 *Chitty Pl.* 206.

*F. C. White* and *Sill,* contra. They cited, 3 *Wils.* 351. 1 *Johns. Rep.* 504. 10 *Johns. Rep.* 240. 11 *Johns. Rep.* 2 *Chitty Pl.* 295. *n.*(*e.*)

*Per Curiam.* Without a suggestion of special facts, and an express award of the *venire* to the coroner, or to elizors, the process can be legally executed and returned by the sheriff only. The statute of *jeofails* does not extend to such a case, and the judgment is, on this ground, erroneous. (1 *Sell. Pract.* 392.)

The rule in regard to joining different counts in the same declaration is somewhat perplexed; but a review of all the adjudged cases warrants, at least, this conclusion, that where the counts require different judgments, they cannot be joined. (*Tidd. Pr.* 11. in notis. 1 *Chitty Plead.* 199. *Courtney* v. *Collet,* Lord *Raym.* 272. 2 *Saund.* 117. e. n. 2.) The judgment in trespass *vi et armis,* and for all other torts committed with force and violence, is, beside damages, *quod defendens capiatur pro fine;* and in all actions of tres- pass on the case, for torts, which imply no force, the judg- ment is *quod sit in misericordia.* Trover is of the latter de- scription, and, therefore, cannot be joined with trespass *vi*

NEW-YORK,   *et armis.*  We regret that the law is so, but the authorities
May, 1819.  show, that this may be taken advantage of on a writ of
BROWN      error, as well as on demurrer, or on arrest of judgment.
v.          (1 *Chitty on Plead.* 206.)
LAMBERT.

                                                   Judgment reversed.