ALBANY,
August, 1820.

THE PEOPLE
v.
M'KAY.

## The PEOPLE *against* M'KAY.

A paper purporting to be a *venire*, but without the seal of the Court, is a nullity.

Where a prisoner was tried at a Court of *Oyer* and *Terminer* and *Gaol Delivery*, for murder, and convicted, without a *venire* returned and filed, it was held to be error, and the judgment was arrested, and a new trial awarded.

A peremptory challenge made by the prisoner to the *polls*, is no waiver of his right to object to the want of a *venire*; for this is not a ground of challenge to the *array*.

Where a prisoner who has been found guilty, and judgment is arrested on his motion and in his favour, a new trial may be awarded.

THE prisoner was brought up from the county of *Allegany*, on a *Habeas Corpus*, and the indictment and proceedings against him in the Court of *Oyer and Terminer and Gaol Delivery*, in that county, were returned in obedience to a writ of *certiorari* directed for that purpose. It appeared that the prisoner was indicted for the murder of his wife, by administering to her *arsenic ;* and he was tried and convicted in *June* last.

*Hudson*, for the prisoner, now moved in arrest of judgment, on the ground that no *venire* had been issued to the sheriff of the county of *A.* to summon the petit jury; it appearing, after the prisoner was convicted, that the supposed *venire* was not under the seal of the Court, and that no official return was made by the sheriff to the *venire*, with the panel of jurors annexed to the writ.

In civil and criminal cases, a *venire* is indispensable, to authorize the summoning of a jury; and a writ without the seal of the Court is no *venire*. (*Fitzhugh's Case, Cro. Jac.* 527. *Hawk P. C.* B. 2. ch. 41. s. 1. 2 *Inst.* 568. 2 *Hale, P. C.* 260. 261. *Cro. Car.* 448. 9 *Hen.* V. 2. 6 *Binney Rep.* 447. 1 *Chitty Cr. L.* 505. 508, 509. 412. *Bac. Abr. Juries* (B. 1.) The Court might have awarded a panel of jurors *instanter*. (*People* v. *M'Lea,* 2 *Johns. Rep.* 381.) Nothing is to be taken by implication against the prisoner; he is not to be presumed to waive any of his rights. Though he appeared and challenged some of the jurors, he is not thereby precluded from objecting to the validity of the process and proceedings. It may be said, that under the 11th section of the *act for regulating trials of issues, and for returning able and sufficient jurors,* (1 *N. R. L.* 325. sess. 36. ch. 5.) the clerk might draw out the names of the jurors, without any *venire* previously issued, and deliver the panel of the names to the sheriff. But this section applies merely to the drawing the names, and not to the process or the summoning of the jury; (s. 9.) and the 16th section of the *act concerning Circuit Courts and Sittings,* and the *Courts of Oyer and Terminer and Gaol Delivery,* (1 *N. R. L.* 335. 36 sess. ch. 66,) requires the sheriff to summon the jurors.

*Oakley,* (*A. G.*) and *Collier,* contra, admitted that the *venire* in this case, being without a seal, was void; but they contended that under the statutes which had been cited, no *venire* was necessary. Prior to the revision of the statutes, in 1801, the Clerk of the Court could not draw out the names of jurors, but the sheriff was directed to return the *venire,* with the panel containing the names of the jurors annexed to the writ. (1 *Greenl. ed. Laws,* 261. 264. sess. 9. ch. 41. 2 *Gr. ed. L.* 81, 82. sess. 11. ch. 38.) But in 1801, a change was made in the mode of obtaining jurors; and the

clerks were directed, on application of the sheriff, to draw the names of the jurors, and deliver the panel containing their names to him. (1 *K. & R. ed. Laws*, 378. sess. 24. ch., 98.) By the act passed *March* 16, 1803, (sess. 26. ch. 32. 3 *Webst., ed.* 252.) the names of the jurors for trial of issues in any Court of record, were directed to be drawn, without any *venire* previously issued, or application from the sheriff, for that purpose, and the names of the jurors so drawn were to be returned by the sheriff to every *venire*, returnable at such Court. The act of the 25th of *February*, 1813. ( 1 *N. R. L.* 325. 328. s. 11.) dispenses with the necessity of issuing a *venire* in each cause; the clerk is to draw out the names of the whole number of jurors for each Court, and to deliver the *panel* to the sheriff, who summons all of them, and that is the panel for the whole Court; and is, afterwards, annexed by the clerk to any *venire* which may be returned. The whole authority of the sheriff is derived from the statute. He can summon only those jurors whose names are contained in the panel delivered to him by the clerk.

Again; the *Oyer and Terminer* may award a panel to be returned by the sheriff, without any writ or precept. (3 *Bac. Abr.* 728. *tit. Juries* (B.) *Foster, C. L.* 63. 2 *Hale P. C.* 261. s. 3. 1 *Chitty C. L.* 413. 506. 507.) The prisoner might have challenged the *array ;* and that is the proper course, where the process is defective : (3 *Bac. Abr.* 731. *Juries* (B.) *s.* 3. 1 *Chitty C. L.* 538, 539,) and if a good cause of challenge to the array, it is waived by challenging to the *polls.* (1 *Chitty C. L.* 545. 2 *Hale P. C.* 273, 274. 2 *Hawk. P. C.* 387. *Co. Litt.* 158 *a.* 3 *Bac. Abr.* 764. *Juries*, (B.) s. 11. *Hob.* 235. 12 *East*, 231. *n.*)

*Talcot*, in reply, said, that no issue of fact could be tried in any Court, civil or criminal, without a process to summon a jury, and this process varies according to the Court in which the trial is to be had. (1 *Chitty C. L.* 412. 506.) The prisoner was arraigned on the indictment before the Court of Oyer and Terminer and Gaol Delivery. In *England*, no issue can be tried in either of those Courts, without a precept to summon a jury. (1 *Chitty C. L.* 508, 509. *Pe-*

ter *Cook's* case, 4 *State Trials*,            per *Justice Treby.*
*Hawk P. C. b.* 2. ch. 41. s. 1.    2 *Hale's P. C.* 260, 261.)
The reason why the Justices of Gaol Delivery may have a
panel returned without a precept or writ, is, that before the
Court, they issue a general precept to the sheriff to bring
before them a certain number of jurors, and out of this num-
ber supposed to be present in Court, returned on the gene-
ral precept, the Court may award a panel to be returned,
without any other precept. (3 *Bac. Abr.* tit. *Juries, B.* 1.)
The act of 1801, never could have contemplated that there
was to be no *venire*, or process to summon jurors.   And all
the provisions of the act of the 25th of *February*, 1813,
(s. 9.) and of the act of the 18th of *April*, 1818, relative to
the qualifications of jurors in the counties of *Niagara, Ge-
nesee, Alleghany*, &c. (sess. 38. ch. 250.   3 *Webst. ed.*
258.) which require the qualifications of the jurors to be in-
serted in the *venire* or jury process, show, that such was
the view of the legislature.   The argument of the counsel
for the people would go to establish the doctrine, that no
*venire* was necessary in a civil cause ; for the act is general
as to all issues to be tried.   In *Cooper* v. *Bissell*, (16 *Johns.
Rep.* 146.) the Court decided, that if a *venire* be executed
by any other person than the sheriff, without a suggestion of
special facts, or express award to the *coroner* or *elizors*, upon
the record, it was error for which the judgment must be re-
versed.   (1 *Chitty C. L.* 522 )

The return of the process by the sheriff, is the only legal
evidence of its having been served, and that a jury has been
summoned.   Here was no process, nor any return of the
sheriff.   A Court cannot award a panel immediately, with-
out some process awarded on the record, or demand of a
jury.   The demand on the record in this case, is of *freehold-
ers*, and the act last cited, directs, that the qualifications of
jurors in *Alleghany*, and the other counties there mentioned,
shall be the possession of lands under contracts for the
purchase of the same, and being worth 150 dollars, in per-
sonal property, or having made improvements on such
lands to that amount, free of all incumbrances.

Then, can the Court award a new trial in this case ? This is
not a case of necessity.   It is not like *Goodwin's* case.* The
irregularity has been owing to the default of the officer, whose

ALBANY,
August, 1820.

THE PEOPLE
v.
M'KAY.

* *Ante* p. 189.

duty it was to see that a proper *venire* was made out and re-
turned.    There is a distinction between errors in process,
and errors in the indictment.    (9 *Hen.* V. 2. case 7.)

SPENCER, Ch. J. delivered the opinion of the Court. It
has properly been conceded by the Attorney General, that
the paper purporting to be a *venire,* is to be regarded as a
nullity, it not having the seal of this Court impressed upon
it.    The points which have been argued, and which the
Court is called upon to decide, are, 1: Whether the trial
was regular without a *venire* returned and filed ; 2. Whe-
ther the fact which appears on the return, that the prisoner
peremptorily challenged several jurors, cured the defect of
a *venire?*

It has not been controverted, and it certainly could not
be, with effect, that at common law, a *venire* is essentially
necessary to authorize the sheriff to summon a jury ; and
that an omission of that process would be a fatal defect. The
trial of collateral issues, and a jury *de medietate linguæ,*
form exceptions to the general rule of the common law. It
has, however, been urged, that the provisions of the statute
for regulating trials of issues, and for returning able and suf-
ficient jurors, (1 *N. R. L.* 328.) dispense with the necessity
of a *venire.* The 11th section of the act authorizes the
clerks of counties to draw the names of jurors for the trial
of issues, without any *venire* previously issued, fourteen days
previous to the holding of the Courts, after giving ten days
notice ; and after drawing the number required, and com-
pleting the panel, the clerk is to make out, and certify under
his hand, a panel of the jurors so drawn, and deliver the
same to the sheriff, " whose duty it shall be to summon the
several persons whose names are contained in such panel,
at least eight days previous to the sitting of such Court,
and to make return in what manner he has served such pro-
cess."

The 16th section of the act concerning the Circuit Courts
and Sittings, and the Courts of Oyer and Terminer and Gaol
Delivery, (1 *N. R. L.* 339.) requires of the sheriffs of each
of the counties, to cause to come before the Courts of Oyer
and Terminer and Gaol Delivery, to be held therein, twenty-
four good and lawful men, as grand jurors, and likewise, so

many good and lawful men of the same city and counties respectively, duly qualified to serve as jurors therein, as the said Courts of Oyer and Terminer and Gaol Delivery, or any Justice thereof, shall, from time to time, direct; and it requires the district attorneys, as soon as conveniently may be, after every Circuit Court shall be appointed to be held, within their respective districts, *and at least fifteen days before the time of holding the same*, to issue precepts under the seal of the Supreme Court, directed to the respective sheriffs of the same cities and counties, *for the purposes aforesaid*, mentioning the day and place, when and where the said Courts are to be held, and commanding the said sheriffs respectively, to do what is required of them. These two statutes being *in pari materia*, must both be taken into consideration, in deciding whether the *venire* was intended to be dispensed with by the first statute. If these are construed together, it is manifest the legislature did not intend to supercede the use of a *venire*. It cannot be admitted, that in requiring the panel to be delivered to the sheriff, and in requiring the sheriff to make return in what manner he has served *such process*, the legislature could be guilty of the absurdity of considering the panel, containing only the names of the jurors, their places of abode and addition, as a process. The process referred to must be the *venire*, under the seal of the Supreme Court. The only necessity now remaining for the issuing and placing a *venire* in the hands of the sheriff, regards the return to be made upon it. The sheriff's return of the manner in which he has performed his duty, must be made on this process, that the Court may be officially informed, that the sheriff has duly obeyed its mandate. Inasmuch, then, as a *venire* was necessary at the common law, and as the statute yet requires it to be issued, the omission to issue it, we must consider an error apparent on the record; and in such a case, affecting life, we do not feel ourselves authorized to dispense with a process, required by the common law, and also by the statute, although we may not be able to perceive much use in continuing it.

We are not of the opinion, that the prisoner's peremptory challenge of jurors was a waiver of his right to object

now to the want of a *venire*. It seems to be an admitted principle, that a challenge to the polls, is a waiver of a challenge to the array; but the objection now taken, is not to the array; a challenge to the array is an exception to the panel in which the jury are arrayed and set in order by the sheriff in his return; and it may be made on account of partiality, or of some default in the sheriff who arrayed the panel. (3 *Bl Com.* 359.) It is a humane principle, applicable to criminal cases, and especially when life is in question, to consider the prisoner as standing upon all his rights, and waiving nothing on the score of irregularity. We are, therefore, clearly of opinion, that the judgment must be arrested. His counsel has suggested a doubt, whether arresting the judgment does not entitle him to be discharged without being subjected to another trial. It will be observed, that the judgment is arrested on the motion of the prisoner. An act done at the request, and for the benefit of a prisoner, we are clearly of opinion, cannot exonerate him from another trial. A case, analogous in principle, occurred in *Ontario* county, in 1814. A woman of colour was indicted, and tried for murder, and found guilty. The jury had separated, after agreeing on a verdict, and before they came into Court; and on that ground a new trial was granted, and she was tried again. We know of no case which contains the doctrine, that where a new trial is awarded, at the prayer, and in favour of a person who has been found guilty, that he shall not be subject to another trial.

Let the prisoner be remanded to the gaol of the county of *Allegany*, and let the proceedings be sent down by *precedendo*.