NEW YORK,<br>May, 1827.<br><br>Wakeman<br>v.<br>Sprague.

---

WAKEMAN *against* SPRAGUE, impleaded with Dann.

AFTER the plaintiff had declared, and before the defend-
ant answered, the former entered a common rule to amend
his declaration; and amended by inserting a different venue
from that in the original declaration.

A motion was now made to set aside the rule and amended
declaration, as irregular : 1. On the ground that the amend-
ment was premature;  2. That the plaintiff could not
amend by altering the venue.

*D. Burwell*, for the motion, cited 16 John. 149 ; 19 ibid.
175.

*J. H. Ostram*, contra.                    [*165]

*Curia.*   Can the plaintiff amend his declaration, before
the defendant has answered it ?

The plaintiff may amend his declaration of course, before the defendant has answered it.<br><br>In a case where the plaintiff may amend of course, he may so amend as to change the venue.

NEW YORK,     The 8th rule of April term, 1796, is that he may do so
May, 1827.    *at any time* before his default is entered for not replying, or
Wakeman       joining in demurrer, or before the lapse of 20 days after
v.            the general issue pleaded. This may be done of course
Sprague.      and without costs, only once. It seems to us that the
rule was intended to fix a limit beyond which he should
not amend; viz., the entry of his default in one case, and
20 days after general issue in the other; and until the one
or the other takes place, to allow an amendment. The
language of the rule is, *at any time* before. Is he not with-
in the letter of the rule in amending before answer? There
is no default; no lapse of twenty days. Is he not within
the spirit of the rule? If he may amend *after* plea, even
without costs, *a fortiori before* plea; no costs of pleading
being then made. His declaration may be too bad to haz-
ard a default upon it; and it may be necessary, therefore,
to amend, even though no plea should be put in. If he
amends before plea, this is to the advantage of the defend-
ant. The plaintiff cannot amend again, without motion;
and in this way, perhaps, the defendant saves the costs of
a second plea.

The rule seems to be different as to a plea; which can-
not be amended of course, unless it be demurred to. (17
John. 3.) In such case, the *right* to amend depends on the
nature of the plaintiff's answer. But the plaintiff is al-
lowed to amend his declaration, let the defendant's answer
be what it will, if the amendment be within the time limit-
ed. The *time*, not the right of amending the declaration,
seems to depend on the nature of the defence. If the
amendment be previous to any plea, it must of necessity
be within the proper time, provided our construction be
right. There is obscurity in the rule; but we think its
true construction admits of an amendment before answer.

There is no doubt that the amendment may change the
[*166]        *venue. The rule is general and unrestricted as to the par-
ticulars in which the plaintiff may amend. The motion
must be denied.[1]

                                        Motion denied.

[1] Under the New York Code of Procedure, there are certain amend-

ments which may be made of course, that is, without motion. Thus a party may amend a pleading of course, without paying costs, and without prejudice to any proceeding already had, at any time, before the period of answering it shall expire. Code, sec. 172.

So, after an answer or demurrer has been put in to a pleading, the pleading answered or demurred to may be amended of course, and without costs, within twenty days thereafter; but the party cannot so amend more than once. After that, a motion for leave to amend must be made to the court. Code, sec. 172.

But such amendment cannot be made of course, if it be made to appear to the court that it was done for the purpose of delay, and the other party will thereby lose the benefit of a circuit or term for which it is or may be noticed; and if it appear that such amendment was made for such purpose, it will be stricken out, and the party making the amendment will be made to submit to such terms as the court may impose.

After the decision of a demurrer, either at a general or special term, the court may, in its discretion, if it appear that the demurrer was interposed in good faith, allow the party to plead upon such terms as may be just. And if the demurrer be that several causes of action have been improperly joined, and be allowed, the court may, in its discretion, and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned. Code, sec. 172.

Under these provisions, allowing amendments of course, that is, without applying to the court, it has been held not to authorize the striking out of the name or names of one or more of the parties. *Russell* v. *Spear*, 3 Code R. 189. Nor will a plaintiff be allowed, under the form of an amendment, to introduce a new complaint. *Dodd* v. *Astor*, 2 Barb. Ch. R. 395. Nor can circumstances happening after the commencement of the action be brought into the complaint by an amendment. *Hornfager* v. *Hornfager*, 1 Code R. (N. S.) 180. In such case a supplemental complaint is necessary.

So, where the complaint served was not verified, it was held, the plaintiff could not by way of amendment serve a copy of the original complaint after having verified it; the verification being no part of the complaint. *George* v. *McAvoy*, 1 Code R. (N. S.) 318.

A plaintiff may amend his complaint by adding other, not inconsistent, causes of action. *Getty* v. *Hudson R. R. R. Co.*, 6 How. Pr. Rep. 269. Thus, we may add to a cause of action of a legal nature another of an equitable nature, provided they both belong to one of the class of actions which may be joined.

In addition to the very ample power given to the court to allow amendments to be made, for the "furtherance of justice" in any stage of the action, upon such terms as shall be proper, the court are directed to *disregard* any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party; and it is provided that no judgment shall be reversed or affected by reason of such error or defect. Code, sec. 176. Monell's Pr. pp. 370, 371, 372.