Ferris *v.* The People.

[ORANGE GENERAL TERM, September 11, 1865. Brown, Lott and J. K. Barnard, Justices.]

FRANCIS FERRIS, plaintiff in error, *vs.* THE PEOPLE, defendants in error.

The mere fact that the sheriff has expressed his opinion that the prisoner is guilty, in a criminal case, is not a ground of challenge to the array. It is necessary for some other fact to be alleged, in the challenge, to render the charge material ; as that the sheriff has intentionally omitted to summon some juror, or has stated his opinion to some juror.

Mere irregularities in drawing and summoning the jurors, not shown to have prejudiced the prisoner, are not a ground of challenge to the array, where there is no charge of fraud or corruption in any of the officers who drew or summoned the jurors, or certified the list.

Nor is it a ground of challenge to the array, that the court excused and excluded 764 of a panel of 1000 jurors drawn, from attendance, without reasonable cause shown ; the act being within the proper discretion of the court.

No venire is necessary, in criminal cases. The writ has been expressly abolished in civil cases; and jurors in criminal cases are required to be summoned in the same manner as in civil cases,

A plea of a former indictment for the same offense, arraignment thereon, plea of not guilty, and the commencing of the trial, when the same was abandoned, without going to the jury, is no bar to a second indictment.

Where no objection is made in the court of general sessions of New York, that the trial was had after the close of the third week of the term, it cannot be urged as a ground of objection on writ of error, that no order for the continuance of the term appears on the record of judgment. The omission to incorporate that fact in the record does not show that the order was not duly entered on the minutes of the court. It is not necessary it should be included in the record; and every intendment is in favor of the regularity of the proceedings.

WRIT of error to the New York court of general sessions, in which the plaintiff in error was convicted, in February, 1865, of murder, in the first degree. Various exceptions were taken on the trial, which are sufficiently stated in the opinion of the court.

*John H. Anthon* and *W. F. Kintzing,* for the plaintiff in error.

*A. Oakey Hall,* (dist. attorney,) for the people

LEONARD, J. Ferris was indicted, tried and convicted of murder in the first degree at the court of general sessions in the city of New York. The case was tried on the 27th and 28th of February, 1865, after the close of the third week of the February term. As it appears from the return of the clerk, an extra panel of 1000 jurors was drawn on the 7th day of February, 1865, in the presence of certain officers, required by law to attend, who were duly notified for that purpose, and, as it also appears from the return of the sheriff, these jurors were all duly summoned. No question is made that these were not the proper officers to attend and certify the drawing of jurors. The counsel for the prisoner challenged the array of jurors, specifying in writing nine separate

grounds of objection. In the challenge is incorporated the returns and certificates of these different officers, and it is also therein stated that the panel or·list of jurors was filed on the 13th of February, being the same panel then in court, wherefrom the jury to try the said indictment were to be selected. The first ground of challenge alleges that the sheriff who summoned the jurors had formed and expressed an opinion as to the guilt or innocence of the prisoner. The next seven grounds allege a want of compliance with the statutes in respect to the drawing of the jurors, viz : The proper officers did not actually attend ; some of them signed blank certificates, which the clerk filled up after the drawing ; no minutes of the drawing were kept ; no copy of the minutes was delivered to the sheriff ; the sheriff summoned the jury without any copy of the minutes being furnished to him ; the ballots drawn from the jury box were delivered to him, from which he summoned the jurors ; and the panel or list filed is not a copy of the minutes of the drawing. The other ground of challenge is that the recorder, who held the court at which the prisoner was tried, excused 764 of the jurors from attendance, without reasonable cause shown. There was no charge of any fraud or corruption against any of the officers who drew or summoned the jurors, or certified the list, nor of any injury or prejudice to the prisoner. The district attorney demurred to the challenge ; admitted the facts as alleged, and insisted that none of the objections were well taken. The recorder sustained the demurrer. The defendant then interposed a special plea, that before the finding of the indictment upon which he was then arraigned, another indictment for the same offense had been found against him, which was still in full vigor, to which he had pleaded not guilty, and the issue so joined had been brought on for trial in the same court ; that the prisoner had then challenged the array of jurors, which had been overruled ; that one juror had been drawn whom the prisoner had challenged ; that he afterwards withdrew his challenge, and consented that the

juror might be sworn in chief ; that in opposition to the wishes of the prisoner the people refused to further prosecute that indictment, and the trial was then postponed notwithstanding his objection. A demurrer to this plea was put in by the people, and the prisoner joined issue thereon. The court sustained the demurrer, and gave judgment for the people. By leave of the court the prisoner then pleaded not guilty, to the charge contained in the indictment. A jury was then impannelled from the array aforesaid, and the trial proceeded, which resulted in the conviction of the prisoner.

I. The challenge to the array on account of the expression of an opinion by the sheriff who summoned the jury, in respect to the guilt or innocence of the prisoner, is novel in its character, and no direct precedent or decided case has been cited in support of the objection. The statute limiting challenges to the array so as to exclude any objection based upon the interest in the cause, or relation of the sheriff to either party therein, has been urged on behalf of the people, as an answer to the challenge. This answer is not sufficient. The formation or expression of an opinion by the sheriff as to the guilt or innocence of the prisoner, cannot be considered an interest in the cause, in a criminal case. (2 *R. S.* 420, *marg.*) The interest referred to in the statute is of a pecuniary nature. The formation or expression of an opinion by the sheriff has no relation, by itself, to the duty which the jurors have to perform in respect to the trial. I am unable to perceive how the opinion of the sheriff injures the prisoner, unless it be alleged that he does some act or omits some duty by reason of it, A juror who has formed or expressed an opinion in relation to the case he is called on to try, would be clearly disqualified, without reference to the fact that it was favorable or unfavorable to the prisoner. Such a juror would not be indifferent. It is quite different in respect to the sheriff. In my opinion, it was necessary for some other fact to be alleged in the challenge to render the charge material ; as that the sheriff had intentionally omitted to summon some

Ferris *v.* The People.

juror, or had stated his opinion to some juror. The mere fact that the sheriff has formed or expressed an opinion seems to be wholly immaterial.

The same considerations as to materiality also apply to all the other objections. The jurors were fairly drawn from the box, so far as we know ; indeed, we must assume that it is so, since no allegation to the contrary is contained in the written challenge. The same persons were drawn and summoned that would have been had the proper officers attended and witnessed the drawing as required by law. Although it was highly improper, perhaps even a misdemeanor, in the case of those public officers who signed certificates in blank, yet it is not claimed that the smallest abuse of the confidence reposed by them in the clerk took place, or that any change was produced in the result which would otherwise have been attained. With the exception of the charge of signing a certificate in blank, to be afterwards filled up when the drawing should be completed, none of the objections to the manner of drawing the list of jurors can be considered any thing more than trifling irregularities. These questions, including that of signing the certificate in blank, are not such as can be raised by the prisoner. They are between the people and the officers. The statute directs how the duties of the officers who draw and summon jurors shall be performed ; and although it provides that it shall not be done in any other way, it is not of any materiality to the prisoner, unless some change results in the names that would otherwise have been drawn or summoned as jurors. So also in respect to the ground of challenge arising from the discharge of the larger part of the jurors. More than the usual number still remained in court. The jurors are presumed to be equally well qualified. The prisoner does not allege that he was deprived of an opportunity to select twelve men who were wholly indifferent between himself and the people, good and lawful men. The act was within the proper discretion of the recorder. None of these grounds of challenge were sufficient.

II. It was also said by the learned counsel for the prisoner that no venire had issued.  This was not made a ground of challenge to the array, but it is urged because it is not stated in the record of conviction that such a precept was issued and returned.  The want of a venire, it is true, has been formerly held fatal to a conviction, on a motion in arrest of judgment. (*The People* v. *McKay*, 18 *John.* 212.  *Cooper* v. *Bissell*, 16 *id.* 146.)  The same doctrine was sustained in the case of *McGuire* v. *The People*, (2 *Parker, Cr. R.* 148,) on writ of error by a special assignment of error and the allegation of diminution.  The venire was also necessary at common law. (*Chitty's Com. Law*, 505.)  The venire has, however, been expressly abolished in civil cases.  And the manner of summoning jurors in criminal cases is the same as that prescribed by law in civil cases.  (2 *R. S.* 411, 414 *and* 734, § 2, *marginal pages.*)  The statute as to drawing and empaneling juries is directory to the clerk, and a neglect to conform to its provisions will not, *per se*, be a sufficient ground for setting aside the verdict, when the court see that the prisoner has not been prejudiced.  (*Wakeman* v. *Sprague*, 7 *Cowen*, 720. *The People* v. *Ransom*, 7 *Wend.* 427.)  In the case of *The People* v. *Ransom*, Sutherland, J. says, after referring to the cases of *Cooper* v. *Bissell*, and *The People* v. *McKay*, (*supra*,) " The error complained of appears on the face of the record ; and when that is the case, it is always fatal."  If no injustice has been done, the court will not interfere even on motion. (12 *East's R.* 229, 231, *see note*.  *The King* v. *Hunt*, 4 *B. & Ald.* 430.)  Best, J. says, in the latter case, " The true rule is this : if the officer has not done his duty, he is to be punished for it ; and if his omission has actually produced prejudice to the party, then it is in the discretion of the court to prevent injustice being done, by granting a new trial.  The omission is not shown to have been prejudicial to the defendant," and a new trial was refused.

The provision of the Revised Statutes, requiring the district attorney to issue a precept, (2 *R. S.* 206, § 37, 38,) is

Ferris *v.* The People.

directory, and the omission of it has no relation to the rights of the prisoner. Although this precept is to be directed to the sheriff, and is required to command the sheriff, among other things, to summon the grand and petit jurors who have been drawn, (section 38,) it is not strictly a venire, nor is it the authority by which the sheriff summons the jurors. The authority of the sheriff for this purpose, and the proceedings to be taken, are provided by the Revised Statutes, 414. The jurors are to be drawn by the clerk, a certified list of the names is to be delivered to the sheriff, and he is required to summon those named in the list, and make his return thereon to the court. This appears to supersede, and in effect abolishes, the venire. This subject is well examined in the cases of *John Cummings,* 3 *Park. Cr.* 343, and *Francis McCann, Id.* 293, and although the latter case was afterwards reversed in the Court of Appeals, it was upon an entirely different question, (16 *N. Y. Rep.* 58.) The objection before us relates also only to the form of the record of judgment, and is not raised by any exception, motion or objection, prior to the bringing of this writ of error. We are required to assume that there was no precept or venire, because none appears on the record. Were this objection to prevail it would be in disregard of the provisions of the Revised Statutes, declaring that no trial, judgment, or other proceedings, on an indictment, shall be affected by reason of any defect or imperfection in matters of form which shall not tend to the prejudice of the defendant. (2 *R. S.* 728, § 52.) The jurors in this case were an extra panel, who are drawn and summoned in the city and county of New York, under a statute specially applicable to that city, and are in the place of talesmen authorized in other counties of the state. (*Davies' Laws, p.* 942, § 4.) All jurors in courts of record for the different courts in the said city, civil and criminal, are drawn and summoned in the manner provided in that act, including regular as well as extra panels. In view of these considerations, the case here is very different from that of McGuire, (2 *Park. Cr. R.* 148,) referred to above,

Ferris *v.* The People.

and we are not now called upon to dissent from the authority of that case.

The objection in respect to the venire is not well taken.

III. The answer to the objection raised by the special plea of the prisoner, that there is a former indictment against him for the same offense, upon which he was arraigned, and pleaded not guilty, and a commencement was made towards a trial by calling the name of one juror, which trial was then suspended against the consent of the prisoner, is that he was never put in jeopardy under the former indictment. It was still in the discretion of the court to postpone the trial, as if it had not been commenced at all. There was no trial, conviction or acquital—nothing that can be pleaded as a bar. Counsel for the prisoner has cited no authority to maintain his special plea, and I think none can be found.

IV. The rule laid down by the recorder, in his charge, upon the subject of insanity, is precisely that to be found in the authorities. (*Freeman* v. *People*, 4 *Denio*, 9. 2 *Greenl. Ev.* § 373. *Vide Opinion of C. J. Shaw, in the case of Abner Rogers, to be found in the note,* § 373.)

V. The act of 1862 (*S. L. p.* 19) affords an answer to the objection that the trial was had after the close of the third week of the term. No objection was raised at the trial on this ground; and it has been raised here solely on the ground that no order for the continuance of the term appears on the record of judgment. The omission to incorporate it in the record does not show that the order was not duly entered on the minutes of the court. Every intendment is in favor of the regularity of the proceedings. It is not necessary to be included in the record.

The judgment should be affirmed.

INGRAHAM, P. J. I think there can be no doubt but that most of the irregularities relied upon by the prisoner as grounds for challenging the array can only be considered as matters for

Ferris *v.* The People.

which the officer neglecting the performance may be punished, but not as being available to the prisoner, unless he can show some prejudice to himself arising therefrom, and I concur, in regard to them, in the views expressed by Judge Leonard in reference thereto. That the conduct of the officer who drew the petit jury was wrong, and deserving of censure at least, if not of punishment, must be conceded ; but where the irregularities produce no harm to the prisoner and do not appear on the record, they afford no ground for a new trial. The greatest difficulty arises from the provisions of the statute, which says that when the officers appear, and not otherwise, the clerk shall proceed to draw, &c. giving no power to the clerk to draw at any other time. With such an express provision, denying any right on the part of the clerk to proceed in the absence of the other officers, it may be a matter of doubt whether the provision is not to be considered more than directory. A very slight degree of evidence to show that the prisoner might have been injured or prejudiced by it, would undoubtedly entitle the prisoner to a new trial. I am inclined, however, in the absence of any such proof, and knowing that the case can be heard in the Court of Appeals at the next term of the court, to concur with Judge Leonard in his conclusions, that none of these irregularities are sufficient to call for a new trial.

GEO. G. BARNARD, J. concurred.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 7, 1865. *Ingraham, Leonard,* and *Geo. G. Barnard, Justices.*]