THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ABRAHAM MOSKOWITZ, Respondent.

Argued June 17, 1942; decided July 29, 1942.

*John J. Bennett, Jr., Attorney-General (Everett D. Mereness, Henry Epstein* and *Patrick H. Clune* of counsel), for appellant.

*James Kiley* and *Salvatore J. Leombruno* for respondent.

PER CURIAM. It does not appear " affirmatively in the body of the order that the court below has exercised its power to review the facts, and that, being satisfied with the judgment in that respect, the reversal was ordered for error of law alone." (*People* v. *Redmond*, 225 N. Y. 206, 208.) For that reason we cannot review the order. Even if we find in the opinion of the court indications that the reversal is on the law, this court cannot review the order of reversal. (*People* v. *Redmond*, 225 N. Y. 206; *People* v. *Radcliffe*, 231 N. Y. 634; *People* v. *Bergman*, 252 N. Y. 346; *People* v. *Kuland* (266 N. Y. 1.) Since the enactment of section 543-a of the Code of Criminal Procedure, a statement in an order of reversal of the

Appellate Division that the reversal is for error of law creates a presumption " that the Appellate Division reviewed the facts and was satisfied with the conviction in that respect." We think that a similar statement by the County Court creates the same presumption. There is, however, no such statement in the order of the County Court here.

The appeal should be dismissed unless the County Court shall grant a motion, made within twenty days, to resettle its order of reversal so as to show that the judgment of the City Court was reversed upon the law.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.