THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* EDITH KAYE, Respondent.

Argued October 22, 1945; decided November 29, 1945.

*George J. Beldock, District Attorney* (*Henry J. Walsh* of counsel), for appellant. I. The trial court did not misinstruct the jury. (*People* v. *Shears,* 158 App. Div. 577, 209 N. Y. 610; *De Long* v. *Massachusetts Fire & Marine Insurance Company,* 142 Misc. 654; *People* v. *Noblett,* 244 N. Y. 355; *State* v. *Duerksen,* 8 Okla. Crim. Rep. 601.) II. In view of the nature of the defense section 1307 of the Penal Law has no application to the facts of this case. (*People* v. *Shears,* 158 App. Div. 577, 209 N. Y. 610; *People* v. *Meadows,* 199 N. Y. 1; *People* v. *Fitz-Gerald,* 195 N. Y. 153; *Parr* v. *Loder,* 97 App. Div. 218.)

*Michael Kern* for respondent. The trial court committed reversible error in its charge to the jury and in its refusal to charge as requested as to section 1307 of the Penal Law; in any event the court erred in taking from the consideration of the jury the evidence of lack of felonious intent and wholly nullified all of the evidence given in support of the defendant's defense. (*People* v. *Meadows,* 199 N. Y. 1; *People* v. *Shears,* 158 App. Div. 577, 209 N. Y. 610; *Parr* v. *Loder,* 97 App. Div. 218; *Ehrenreich* v. *Fox Film Corporation,* 198 App. Div. 10; *Van Vechten* v. *American E. F. Ins. Co.,* 239 N. Y. 303; *People* v. *Fitz-Gerald,* 195 N. Y. 153.)

DESMOND, J. Defendant was convicted of the crime of larceny, first degree, for the theft of a lavaliere. There was evidence that the ornament was handed over to defendant by the victim, who relied on defendant's assertion that it was to be used by her as " security " in connection with defendant's plan and promise to help arrange a divorce between the owner of the jewelry and the latter's husband. Defendant, it appears, did not in fact make any such " arrangements " but pawned the lavaliere. Before any criminal proceedings were commenced, however, she got the ornament out of pawn and returned it to its owner. The County Judge charged the jury that defendant could not be convicted except on a finding that she had taken it with the intention of appropriating it to her own use. He refused, however — and here arises the question of law on this appeal — to charge that " if the jury believes that the defend-

ant at the time of the taking of this jewelry intended to restore the property taken, that is a ground of defense, if the jewelry was actually restored before the commencement of a prosecution for the taking of the jewelry." By that ruling, and others, the County Judge declared it to be the law that, while the return of the stolen gaud could be considered by the jury with the other facts in deciding whether or not there was an original larcenous intent, nonetheless, if such larcenous intent should appear from all the facts, the later return of the stolen piece would be of no avail as a defense. The Trial Judge thus, over defendant's objection, practically eliminated from the case section 1307 of the Penal Law which reads as follows:

"INTENT TO RESTORE PROPERTY NO DEFENSE. The fact that the defendant intended to restore the property stolen or embezzled, is no ground of defense, or of mitigation of punishment, if it has not been restored before complaint to a magistrate, charging the commission of the crime."

The Appellate Division reversed on the law and ordered a new trial. The majority of the justices thought that since the lavaliere had been returned to its owner before any prosecution was instituted, the jury should have been told that defendant's intent so to return it, if the jury found such an intent, was a good defense under section 1307. The dissenting justices construed the statute differently. Its meaning, they wrote, is this: if property has been stolen or embezzled, intent to return it is no defense at all but such intent is ground for mitigation of punishment if there has been an actual restoration before an information has been laid with a magistrate. The meaning of section 1307, said the dissenting opinion, is the same as if it consisted of two distinct propositions (like the California Penal Code, §§ 512 and 513): one proposition denying a " defense ", the other authorizing " mitigation of punishment ".

The meaning of section 1307 has not been declared in any opinion of this court. The Appellate Division opinions in this case differ as to the effect of *People* v. *Shears* (158 App. Div. 577, affd. without opinion, 209 N. Y. 610). In the *Shears* case there had been an embezzlement by defendant of a check, which he had received in a fiduciary capacity but had cashed and used for his own ends. Before he was proceeded against in the crimi-

nal cause, Shears, or others on his behalf, made good in cash the amount of the peculation. On the trial County Judge CRANE (later Chief Judge of this court) charged the jury much as the jury was charged in the present case, instructing that, once a larceny should be found to have been consummated, intent to return or actual return would be no defense. The Appellate Division's opinion in the *Shears* case contains a holding, or a remark, that in that case there was really no "restoration" at all of the embezzled check since Shears, in cashing it, had consumed it and made restoration impossible. This court's affirmance without opinion in that case did not necessarily imply approval of that restricted view. We consider *People* v. *Shears* sufficient authority for the court's charge in the present case.

We realize that the construction now approved by us leaves the statute pretty much of a dead letter. Intent to return, with or without actual return, is no defense but the sentencing judge may consider such facts " in mitigation of punishment " — which he certainly could do without any statutory permission. But we find no reason for concluding that the Legislature, setting up this new law in 1881 (as § 549 of its new " Penal Code ") meant any more than that. A " draft of a Penal Code " prepared by Commissioners in 1864, had, in its chapter headed " Embezzlement ", one section (610) quite like the present statute and another section (611) which said that restoration of embezzled property before prosecution was not to be " a ground of defense to the indictment ", but would be ground for mitigating the punishment, in the court's discretion. In 1879, a special Senate Committee, reporting out another proposed Penal Code, included the first, but omitted the second, of the two statutes so recommended in 1864 and included in the first a reference to " stolen property " as well as " embezzled property ". The Legislature in 1881 approved the 1879 draft, enacting the statute as we now find it on the books. Our question would of course be easier to answer had the 1864 proposals been adopted in their entirety. Nonetheless, we find no hint of any legislative intent to change the ancient rule that a thief may not purge himself of guilt, by giving back the plunder, before or after arrest. The purpose of the statute, couched in the negative, was to forbid and not to authorize, to deny a defense and not to provide

one, to make it plain that once a theft had been proven, restitution was no concern of the jury, but only a fact that the judge might consider in fixing the penalty. So construed, section 1307 is in accord with the law in other jurisdictions (see 2 Wharton on Criminal Law [12th ed.], §§ 1147 and 1316; 52 L. R. A. [N. S.] p. 1019 *et seq.*; 29 C. J. S., Embezzlement, § 25, pp. 702 and 703; 18 Am. Jur., Embezzlement, § 26, p. 585, and 32 Am. Jur., Larceny, § 117, p. 1029).

The order of the Appellate Division should be reversed but, since the Appellate Division's reversal was on the law alone, the case should go back to that court for a determination of the facts (Code Crim. Pro., § 543-a).

The order of the Appellate Division should be reversed and the case remitted to the Appellate Division for disposition of the facts in accordance with section 543-a of the Code of Criminal Procedure.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER, DYE and MEDALIE, JJ., concur.

Order reversed, etc.