THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* PAUL KRUGER, Respondent.

Argued March 6, 1951; decided May 24, 1951.

*Edwin G. O'Connor, District Attorney,* for appellant. I. The fact that the justice of the peace excused two jurors before the case came on for trial is not reversible error. (*People* v. *Jackson,* 111 N. Y. 362.) II. Irregularities in trial juries if not prejudicial to defendant are not grounds of error. (*Cox* v. *People,* 80 N. Y. 500.) III. Justices of the peace have the right in their discretion to excuse jurors.

*John Leo Sullivan* for respondent. The justice of the peace had no right to excuse jurors outside of open court. (N. Y. Const., art. VI, § 18; *People* v. *McLaughlin,* 57 App. Div. 454.)

FROESSEL, J. Defendant was found guilty of violating section 185 of the Penal Law (failing to provide proper sustenance for cattle) by a jury of six persons before a justice of the peace, sitting as a Court of Special Sessions, in the Town of Pomfret, Chautauqua County. The County Court, Chautauqua County, reversed the conviction " on the law alone " and ordered a new trial. The People have appealed to this court. The only question before us is whether reversible error was committed when the justice of the peace excused two jurors in advance of trial, without the knowledge or consent of defendant. We find that no such error was committed.

The jurors were excused by the justice for reasons of their personal convenience between the time the venire was issued on March 16, 1950, and the time of the trial on the evening of March 23d. On that evening the justice proceeded to draw the jury from the box containing the names of the twelve persons previously impaneled; the first two names drawn were those of the excused jurors. The justice thereupon announced that he had previously excused such jurors, stating one would have had to be absent from school, and the other from shop. There were thus ten jurors present out of the original venire of twelve, and the justice proceeded to call six of the ten, none of which were challenged by the People. A trial jury was then chosen, which jury was accepted by both the People and defendant.

Thus the jury was drawn in literal compliance with sections 706 and 710 of the Code of Criminal Procedure, which provides for the method of drawing jurors in courts of special sessions. Since defendant had but three peremptory challenges (Code Crim. Pro., § 707), and the record does not show that any others were taken, at least one of the ten jurors was in any event surplus.

Section 545 of the Judiciary Law clearly expresses the power of the justice to excuse the jurors. That section states: '' The judge of the trial court may, in his discretion on the application of a trial juror, excuse him from the whole or a part of the time of service required of him as a juror or may postpone the time of service of a juror to a later day during the same or a subsequent term.'' It applies to the case at bar inasmuch as section 11 of the Code of Criminal Procedure provides that a court of special sessions is one of the courts having original jurisdiction of criminal actions, and section 358 of the code states that the trial jury in a criminal court is formed '' as prescribed by the judiciary law.''

It will be noted that section 604 of the Judiciary Law, which is contained in article 17 thereof, dealing with jurors in counties *within* cities having a population of one million or more, expressly requires a person summoned as a juror to present his notice '' to the judge in open court '' or '' by a person capable of making the necessary proof in relation to his claim to be excused.'' On the other hand, the above-quoted section 545, contained in article 16 thereof, and dealing with jurors in

counties *outside* of cities having a population of one million or more, contains no such requirement of personal attendance. The distinction is not without significance as to legislative intent. (See, also, Code Crim. Pro., § 371, made applicable to courts of special sessions by § 62 of the code.)

As to defendant's motion to '' dismiss all the jurors and draw a new jury '', section 362 of the Code of Criminal Procedure, expressly made applicable to courts of special sessions by section 62 of the code, provides that such a challenge to the panel can be founded '' only on a material departure, to the prejudice of the defendant, from the forms prescribed by the judiciary law ''. Inasmuch as there was no such material departure, but rather an adherence to the provisions of section 545 of the Judiciary Law, defendant's challenge must fail. (See *People v. Jackson,* 111 N. Y. 362; *People v. Packenham,* 115 N. Y. 200.)

Finally, even assuming an irregularity here, there is no showing that any prejudice whatever resulted to defendant. '' It is well settled that mere irregularities in the drawing of grand and petit jurors, is not a ground for reversing a conviction, unless it appears that they operated to the injury or prejudice of the prisoner '' (*Cox v. People,* 80 N. Y. 500, 511; *Ferris v. People,* 35 N. Y. 125, 129; *People v. Prior,* 294 N. Y. 405, 411–412, motion for reargument denied 294 N. Y. 975; *Rawlins v. Georgia,* 201 U. S. 638, 640).

Since the County Court's order specified that its reversal was '' on the law alone '', and we may not look to the opinion, we are obliged to presume that the questions of fact were not considered by that court, and it is thus necessary to remit the case for a determination of the facts (Code Crim. Pro., § 543-a; *People v. Moskowitz,* 289 N. Y. 69; *People v. Kaye,* 295 N. Y. 9, 14; *People v. Lee,* 300 N. Y. 422, 425). Accordingly, the order of the County Court should be reversed, and the case remitted to that court for disposition of the facts. (See *People v. Moskowitz,* 289 N. Y. 69, *supra.*)

Loughran, Ch. J., Lewis, Conway, Desmond, Dye and Fuld, JJ., concur.

Order reversed, etc.