■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOHN G. CARTER, Defendant.— Motion to dismiss indictments numbered 7306 and 7314 upon inspection of the minutes of the Grand Jury of the Extraordinary Trial and Special Term of the Supreme Court of Suffolk County. The motion is made upon the grounds of insufficiency of proof to warrant the return of the indictments, that the crimes charged were not established, that one of the indictments was improper in form, that the Grand Jury was not validly summoned, chosen, sworn or organized, and that it considered improper matters. Motion insofar as it seeks to dismiss indictment No. 7306 granted and said indictment dismissed, with leave to resubmit to the same or another Grand Jury; in all other respects, motion denied. Indictment No. 7306 charges that the defendant " being then and there a public officer, to wit: a foreman in the Highway Department of the Town of Southampton * * * received and agreed to receive an illegal fee, to wit: the sum of $350.00 * * * contrary to Penal Law, Section 855." The defendant is a foreman, a civil service employee paid on an hourly basis, employed in the highway department of the town. He was not a public officer within the meaning of section 855 of the Penal Law and the indictment stated no crime against him (*People* v. *Watson,* 231 App. Div. 739; *Sutliffe* v. *City of New York,* 132 App. Div. 831; cf. Penal Law, §§ 378, 1826). Indictment No. 7134 charges the defendant with perjury in the first degree, contrary to section 1620-a of the Penal Law. The parties assume that the indictment was based on the testimony concerning the matter upon which indictment No. 7306 (for extortion) was based. The evidence was such as to authorize the Grand Jury, in its judgment, to find an indictment for perjury (Code Crim. Pro., § 251; *People* v. *Eckert,* 2 N Y 2d 126, 129). The perjury indictment was sufficient as to form (Code Crim. Pro., §§ 295-a, 295-b, 295-c, 295-d). If the indictment fails to set forth the substance of the controversy the defendant's remedy is to move for a bill of particulars (*People* v. *Lisandrelli,* 139 Misc. 129). It is conceded that no precept was issued by the district attorney to the sheriff pursuant to sections 222-a and 222-b of the Code of Criminal Procedure. Assuming that those provisions are applicable to the Grand Jury of an Extraordinary Special and Trial Term of the Supreme

Court appointed by an executive order of the Governor pursuant to section 149 of the Judiciary Law, the failure to issue the precept did not prejudice the substantial rights of the defendant and is not a ground for setting aside the indictments (Code Crim. Pro., §§ 285, 684; *Ferris* v. *People,* 48 Barb. 17, affd. 35 N. Y. 125; *People* v. *Cummings,* 3 Parker Cr. Rep. 343, 345; *People* v. *Petrea,* 92 N. Y. 128; *People v. Kruger,* 302 N. Y. 447). In our opinion there is no merit in any of defendant's other contentions. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.