Bernard Tomson, J.
In an information dated December 18, 1963, the defendants are charged with violations of section 962-a of the Penal Law in that they failed to make contributions to the welfare and pension funds during the period August, 1962 through November, 1963 which they were required to do pursuant to an agreement "with Local 239, International Brotherhood of Teamsters Union.
Section 962-a of the Penal Law provides: “ In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits, or wage supplements as defined in section two hundred twenty of the labor law, and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after- such payments are required to be made, shall be guilty of a misdemeanor and upon conviction shall be punished for a first offense by a fine of five hundred dollars or by imprisonment for not more than one year, or by both such fine and imprisonment. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.”
The section is not violative of the requirement of due process. (People v. Doundoulakis, 38 Misc 2d 984.)
At the trial the People established beyond a reasonable doubt that the defendant corporation was an employer within the section, that the individual defendant was its president, that the agreement was in effect during the times alleged in the information, and that the defendants “failed, neglected and refused” to pay the amounts required by the agreement.
The defendants urge, as a defense, that in November, 1963 the defendant corporation instituted a chapter 11 of title 11 of the United States Code proceeding in which the union filed a claim as a secured and preferred creditor, and that there are funds available to pay such creditors; further, that in 1965 the individual defendant and his wife executed a series of notes “ at the behest of the union ”, “ prepared by the union ” and “ to the order of the unión.” These notes, the defendants assert *644 “ extinguished the old indebtedness, and created a new obligation pursuant to the due date on the notes,” relying on sections 663 and 664 of the Code of Criminal Procedure. However, all the requirements of these sections must be complied with before a compromise is effectuated, i.e., only where there is “ a remedy by civil action ’ ’ and, ‘ ‘ the party injured appear before the magistrate * * * before trial or commitment ’ ’ and, ‘ ‘ acknowledge in writing that he has received satisfaction for the injury,” whereupon, “ the magistrate or court may, in his or its discretion, on payment of the costs and expenses incurred, if such magistrate or court shall see fit so to direct, order all proceedings to be stayed upon the prosecution and the defendant be discharged therefrom.”
No such procedure was here followed.
Analogous is a holding by the Court of Appeals interpreting section 1307 of the Penal Law which provides: “ The fact that the defendant intended to restore the property stolen or embezzled, is no ground for defense, or mitigation of punishment, if it has not been restored before complaint to a magistrate, charging the commission of the crime.” In People v. Kaye (295 N. Y. 9, 13-14) the court held: “Intent to return with or without actual return, is no defense but the sentencing judge may consider such facts ‘ in mitigation of punishment \
‘ ‘ The purpose of the statute, couched in the negative, was to forbid and not to authorize, to deny a defense and not to provide one, to make it plain that once a theft had been proven, restitution was no concern of the jury, but only a fact that the judge might consider in fixing the penalty. So construed, section 1307 is in accord with the law in other jurisdictions (see 2 Wharton on Criminal Law [12th ed.], §§ 1147 and 1316; 52 L. R. A. [N. S.], p. 1019 et seq.; 29 C. J. S., Embezzlement, § 25, pp. 702 and 703; 18 Am. Jur., Embezzlement, § 26, p. 585, and 32 Am. Jur., Larceny, § 117, p. 1029).”
Beyond any reasonable doubt, the defendants failed to comply with the requirements of section 962-a of the Penal Law by their failure to make the required payments in 1962 and 1963. The crime was then committed. Any compromise required adherence to the procedure set forth in sections 663 and 664 of the Code of Criminal Procedure. The fact that notes were executed in 1965 by the individual defendant and his wife and that there may be funds now available to make the payments which should have been made in 1963 may be considered in mitigation of the penalty but not as a defense to the allegations in the information.
Accordingly, the defendants are found guilty.