## Nathan Williams *vs.* Henry S. Bramble.

In an action on the case the declaration contained a count in *trover* and one in the trespass, *vi et armis de bonis asportatis*, both relating to the same property. The pleas were *non cul* to both counts. The verdict was for the plaintiff, and the defendant moved in arrest of judgment on the ground of misjoinder of counts in the nar. HELD : that this is not such a misjoinder of counts as to be fatal on this motion.

Whenever the same plea may be pleaded and the same judgment given on two counts they may be joined in the same declaration.

The reason why counts in trover and trespass cannot be joined at common law is, that the judgments are not the same ; in the latter a fine is imposed for the breach of the peace implied in the trespass, and the judgment is *quod capiatur pro fine*, whereas in the former the judgment is simply *quod sit in misericordia*.

In this State there is no such proceeding to punish the implied breach of the peace, and that form of entering judgment is not used. Here judgments in trespass conclude like judgments in case, *quod sit in misericordia*.

The act of 1809, ch. 153, sec. 2, expressly prohibits the reversal of a judgment because of a variance between the writ and the declaration.

40  v. 2

APPEAL from Dorchester county court.

This was an action on the case by the appellee against the appellant. The writ commands the sheriff to arrest the appellant to answer unto the appellee "in a plea of trespass on the case, and so forth." The declaration contained two counts, one in trespass, *vi et armis*, for taking and carrying away two negro slaves of the plaintiff, the other in *trover* for the same property. Damages laid at $2000. The defendant pleaded *not guilty* to both counts, and on these pleas issues were joined. The verdict was for the plaintiff, and the defendant moved in arrest of judgment, assigning for reason, that the plaintiff had in his declaration improperly joined a count in trespass, *vi et armis*, with a count in *trover*. This motion the court overruled, and the defendant appealed.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*S. D. Le Compte* for the appellants. The only question in this case is, can a count in trespass, *vi et armis*, be joined with a count in trover? This is a new point in Maryland practice, and even in practice elsewhere. There is a broad distinction between trespass *vi et armis* and case. And it is a general proposition that counts *different in their nature* cannot be joined. The distinction between trespass *vi et armis* and case is, that the former is the form of action to recover damages flowing *immediately* from the act of the defendant, the latter to recover *consequential* damages. 2 *Steph. N. P.*, 1003, 1022. 1 *Selw. N. P.*, 365. 11 *Mass. Rep.*, 137. *Archb. Civil Pl.*, 158, 160. 2 *Tidd.*, 925. 3 *Steph. N. P.*, 2668. 2 *Bl. Com.*, 1120. *Steph.*, on *Pl.*, 70, 128. 2 *Saund. Pl.*, 853. *Buller's N. P.*, 32, 80. Trover is a modification of case, and the same distinction has been recognised in our own courts. 5 *H. & J.*, 27, *Mercer vs. Walmsley.* 11 *G & J.*, 80, *Warfield vs. Walter.*

The case in 16 *Johns. Rep.*, 146, decides, that trespass and trover cannot be joined. It is true, that the later case in 22

*Wend.*, 369, decides the contrary of this, but this latter case was one under the revised laws of New York, which expressly enact, that "*mispleading*" shall not be a cause of arresting a judgment. There is no such general word in our act of 1809, ch. 153, and this act does not cure the case at bar. The defendant has been prejudiced by the misjoinder of these counts. Who knows whether the jury rendered their verdict upon the value of the property or for the injury done?

2nd. Advantage may be taken of this error by motion in arrest. It is an error of substance and not of form. 2 *Tidd.*, 925. *Archb. Civil Pl.*, 162. 6 *Mod.*, 148, and the judgments are different. *Archb. Civil Pl.*, 160.

*Griswold* for the appellee, contended.

1. That the counts in trespass *vi et armis* and trover are properly joined: Because, 1st. Trover is a modification of case; case and trespass are concurrent remedies. *Ev. Pr.*, 49. 1 *Chitty's Pl.*, 156. 2 *Chitty's Pl.*, 645, and notes generally to forms in case for torts to person and personal property. *Law of Actions*, 3. 2nd. Case and trespass are sometimes joined in the same nar. 1 *Chitt. Pl.*, 198, 199. 2 *Chitt. Pl.*, 314 and 315, and note (r.) 2 *Chitt. Pl.*, 346, note (g.) 1 *Tidd.*, 12. 3rd. The rules laid down to govern joinder of actions, have been too variously stated to be of governing force. 1 *Tidd.*, 11, 12. 1 *Chitt. Pl.*, 197. 4th. The rule seems to be, that the *nature* of the causes of action should determine the joinder. 1 *Tidd.*, 12. *Law of Actions*, 2, 3. 5th. The true distinction in regard to joinder seems to be, that in actions founded in contract, case and trespass cannot be joined, but in actions for *wrongs*, independently of contract, the plaintiff may join as many different counts as he has causes of action in detinue, replevin, case or trespass. 1 *Tidd.*, 11. 2 *Chitt. Pl.*, 346. 1 *Chitt. Pl.*, 181. 6th. In Maryland the verdict in case and trespass is the same. 2 *Evan's Har. Ent.*, 337. And the judgment in both "in mercy." 2 *Evan's Har. Ent.*, 351, 252. 5 *W. & M.*, chap. 12. 1 *Arch. Pl.*, 226. 16 and 17 *C. R.*, chap. 8.

2. A misjoinder of .counts cannot be taken advantage of after verdict: Because, 1st. The defendant should have demurred or plead in abatement.    1 *Chitt. Pl.*, 393, 394, 640, 641.   2 *Douglass R.*, 694.   *Stone vs. Furry, Addisson Rep.*, 114, 118.   *Archb. Civil Pl.*, 162.   1 *Comyns Digest Abat.*, 98.   2nd. The defendant cannot move in arrest of judgment for any cause which might have been plead in abatement.   2 *Douglass*, 688.   *Bingham on Judgments*, 80, 81.   13 *L. L.* 2 *Blackstone R.*, 1120.   2 *Dunlap's Pr.*, 688.   1 *Archb. Pl.*, 220.   3rd. A misjoinder is cured by verdict.   2 *Douglass*, 730.   1 *East. R.*, 209.   2 *South*, 750.   2 *Bos. & Pul.*, 329.   4th. A misjoinder is amendable after verdict.   1 *Archb. Prac.*, 220.   5 *Taunt.*, 36.   2 *M. & S.*, 533.   *Archb. Civil Pl.*, 164.

3. Misjoinder of counts are cured by the English and Maryland Statutes of *jeo fails. Laws of Maryland*, 1809, *ch.* 153.   14 *Edw.*, 3, *Stat.* 1.   16 *and* 17 *Charles, ch.* 8.   See *Kilty's Rep. of Statutes*, 216, 217.   32 *Hen.* 8, 1540, *ch.* 30. *Kilty's Rep.*, 232.   22 *Wendall*, 369.   2 *Douglass*, 730.

The word "mispleading" is in the English statutes of *jeo fails.*   5 *Binney*, 43.   1 *M. & Sel.*, 533.

*Le Compte* in reply.   The reasoning of senator Verplanck in the case of 22 *Wend.*, is not to be regarded as the reasoning of the court.

Any thing which may be taken advantage of on general demurrer may be taken advantage of by motion in arrest. As to the verdict curing the defect, *Archb. Civil Pl.* cited on the other side does not remove the difficulty here referred to. Neither is the case in *Serg. and Rawle* applicable to this point, but sustains the proposition, that trover and trespass cannot be joined.   We admit that *trover* and *case* may be joined, but the distinction here is between trespass *vi et armis* and case.   They cannot be joined, because the one lies for *immediate* and the other for *consequential* damages.

The *Stat. of 32nd Henry 8th*, is inapplicable.   The particular mispleading cured by that statute are specially enumerat-

ed in the act, and besides this statute is superseded by the act of 1809.

There could have been no plea in abatement. *Archb. Civil Pl.*, 162, says, that a misjoinder of counts may be taken advantage of in arrest of judgment. The general rule as to joinder of counts is, that they must be of the same nature. 1 *Tidd.*, 11

TUCK, J., delivered the opinion of this court.

The appellee sued the appellant in an action on the case. The declaration contained a count in trover, and one *de bonis asportatis; both relating to the same property.* On the pleas of *non cul.* and issue, the jury found for the plaintiff. The defendant moved in arrest of judgment. This appeal is taken from the judgment of the court below overruling that motion. The only question before us is, whether there is such a misjoinder of counts as is fatal on this motion.

The cases are numerous, both in this country and in England, and so conflicting that it is impossible to reconcile or deduce any certain rule from them. In *Chitty's Pleading, vol.* 1, *Pl.* 200, *(Joinder of Actions,)* it is said, "In actions in form *ex delicto,* several distinct trespasses may be joined in the same declaration *in trespass.* And several causes of action in *case* may be joined *with trover;* thus, case against a common carrier for losing goods; or a count for immoderately riding a horse; or for disturbing plaintiff in his right of common; or for hindering him from landing goods upon a yard of defendant, contrary to agreement; or for not returning to plaintiff a dog delivered to the defendant, to be tried and returned in a reasonable time, but keeping and detaining him from the plaintiff; may be joined in one action with a count in trover. And in a declaration in trespass, the plaintiff may unite a count for the battery or seduction of his servant, *per quod servitium amisit,* with a count for battery of the plaintiff himself, or *quare clausum fregit,* or trespass or rescue; and all these counts might be included in one declaration, though the loss of services, and the consequence of the rescue, might be made the subjects of an action on the case." For this, apparently in-

consistent, union of grievances in the same suit, he states the following rule, as the result of the authorities, *(page* 200.*)* "When the same plea may be pleaded, and the same judgment given on all the counts; or whenever the counts are of the same nature, and the same judgment is to be given on them all, though the pleas be different, as in the case of debt on bond or on simple contract, they may be joined." Mr. Justice Buller, in *Brown vs. Dixon,* 1 *Term Rep.,* 273, says, "it is universally true that whenever the same plea may be pleaded, and the same judgment given on two counts, they may be joined in the same declaration." This rule, however, is not free from objection, in the opinion of Mr. Tidd, *(*1 *vol.* 10,*)* who states some cases in which it could not be applied; and suggests the *nature* of the cause of action as the most certain criterion. And hence, he concludes, that, with certain exceptions stated by himself, "it may safely be laid down, as a general rule, that whenever the causes of action are of the same nature, and may properly be the subject of counts in the same species of action, they may be joined, otherwise they cannot." This, we think, leaves the question unsettled; because, when it is ascertained that the causes of action are of the same nature, we must still inquire whether they may be joined; for the solution of which difficulty his rule furnishes no certain guide. The question *is* purely technical, and has been so regarded by eminent judges, who have expressed regret that such distinctions existed, though they yielded to the force of authority. *Grant vs. Astel,* 2 *Doug.,* 730. *Cooper vs. Bissell,* 16 *Johns.,* 146. *Lovett vs. Pell,* 22 *Wend.,* 372. And Lord Ellenborough, in *Kightly vs. Birch,* 2 *M. &* S., 533, speaking of *Bage vs. Bromuel,* 3 *Lev.,* 99, in which a similar rule had been enforced, said, "that case had had its day, and it was time it should cease."

The reason assigned why counts in trover and trespass cannot be joined, at common law, is, that the judgments are not the same. This is explained in *Gould's Plead.,* ch. 4, secs. 38, 39. Every defendant on conviction, in a civil action, of a forcible wrong alleged to have been committed *vi et armis,* &c., was obliged to pay a fine to the king, for the breach of

the peace implied in the act; and was subjected to the judgment of *capiatur pro fine,* under which he was liable to be arrested, and imprisoned until the fine was paid; whereas in trover the judgment is *quod sit in misericordia.* And this accounts for the suggestion of Mr. Chitty, *(page* 201,*)* that "these injuries, (meaning those that are consequential and the subjects of actions on the case,) when joined with a count in trespass, should be stated to have been committed *vi et armis."* Because otherwise, that the crown might not be defrauded of the fine, the defect would not be cured after verdict.

In Maryland, however, we have no such proceeding to punish the implied breach of the peace, and for this reason, probably, that form of entering judgment in trespass has fallen into disuse. In *Harris' Entries,* from which our records have been made up for more than half a century, we find no such precedent, but, on the contrary, that for judgment in trespass on verdict, concludes like judgments in case, *quod sit in misericordia, &c., vol.* 2, 149, 2 *Ev. Har.,* 351, 352. The forms are the same.

In the case before us the pleas to the two counts are the same, and the judgments being the same, according to our practice, the rule laid down by Justice Buller and Chitty applies. There is no necessity, on such a question, for adhering to a rule after the reason for its application has failed; especially in a case within the equity of the act of 1809, *ch.* 153, *sec.* 2, if not within its letter; a point, however, which we need not decide, though relied on by the appellee's counsel.

We do not express any opinion on the subject of variance between the writ and the count in trespass, from which inquiry, on this motion, we are precluded by the act of 1809, *ch.* 153; nor do we intimate what would be the effect of that objection if taken at an earlier stage of a cause.

*Judgment affirmed.*