# The Philadelphia, Wilmington and Baltimore Railroad Company *vs.* Albert Constable, and others.

### *Pleading—Joinder of Counts—Tort—Proximate Cause.*

In an action against a railroad company the declaration contained two counts. The *first* charged that the defendant, by its agents, so carelessly and negligently drove and conducted its locomotives and cars, that sparks and fire therefrom were dropped, blown, cast, and spread by burning, in and upon plaintiffs' fences, trees, timber, etc., whereby the same were set fire to, burned and destroyed. The *second* averred in substance, that the mother of the plaintiffs, being seized of certain land, did, in 1862, by her deed, grant to the defendant a right of way through the same, subject to the condition that it should make and keep in repair substantial fences between the railroad and her adjoining lands; under which deed the defendant entered into and continued in the enjoyment of the said right of way, whereby it became and was its duty to perform all the conditions in said deed; that the mother of the plaintiffs died in 1871, leaving them her sole heirs-at-law and seized of the same land, but that, since that time, the defendant, in neglect of its duty, had suffered said fences to be out of repair, by reason whereof plaintiffs' land suffered from inroads of cattle, and their crops were destroyed, etc., whereby they sustained damage. Demurrer to this declaration, on the ground of misjoinder of counts, which was overruled, and, on appeal, it was Held:

That both counts were in *tort*, and so properly joined.

Where the law imposes upon a party an obligation which he neglects to perform, whereby damage results to another, the party injured may bring an action on the case founded in *tort*.

Phila., Wilm. & Balt. R. R. Co. *vs.* Constable, *et al.*

In an action against a railroad company, the defendant proved that a fire, for which damages were claimed, began on a lot owned by one H., immediately adjoining the railroad, and covered with broom-sedge and dry grass; that the fire burned across this lot, about one hundred and fifty yards, to the land of the plaintiffs, where it encountered a fence and dry grass, and, .spreading from these, destroyed certain young timber, fences, and fence-rails on said land. HELD :

1st. That the fact that the fire was first communicated to the material on the land of the adjacent proprietor, H., did not affect the defendant's responsibility to the plaintiffs.

2nd. That the fire injured the plaintiffs' property in its natural and direct course, and by naturally and gradually spreading from the .place where it began, without any intervening force or power, and the injury was, therefore, its proximate effect.

APPEAL from the Circuit Court for Cecil County.

The facts are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ALVEY, J.

*William J. Jones*, and *Alexander Evans*, for the appellant.

By the Common Law, if a servant kept his master's fire negligently, so that his neighbor's house was burned down thereby, an action lay against the master, because this negligence happened in his service. 1 *Black. Comm.*, 431.

The Common Law is in force in this State, and it has for a maxim: "*Causa proxima et non remota spectatur.*" If this were not the case, every individual would be responsible for the remotest consequences of any negligent act of an agent or servant. That in Maryland the remedy does not extend beyond the person primarily injured, is sufficiently shown by the fact that there have been no actions based upon the contrary theory and

hypothesis, though the occasion has frequently arisen, particularly in towns and cities. "What never has been," says Littleton, "never ought to be."

The appellants believe that no case can be found which, upon proper examination, will controvert the principle here laid down, which they believe to be the only legal, just and true principle, and that to hold the contrary would be more detrimental to individuals than to incorporated companies.

Any case seemingly adverse will be found to be decided under special laws, or, in one or two States, upon the ground of insurable interest.

The case of *Scott vs. Shepherd*, 2 *Wm. Blackstone*, 892, is "a question of pleading only, not a question of right." See the remarks of THOMPSON, C. J., in *Penna. R. R. Co. vs. Kerr*, 62 *Penn.*, 365; and of HUNT, J., in *Ryan vs. N. Y. Central R. R.*, 35 *N. Y.*, 213. See also *Coster vs. The Mayor*, 43 *N. Y.*, 399; *Dale vs. Grant*, 5 *Vroom*, 142; *Adams vs. Lancashire and Yorkshire R. R. Co.*, 4 *C. P.*, 739, (*Law Reps.*)

The first count in the plaintiffs' declaration is an action upon the case in tort.

The second count is an action of covenant upon a deed, and these two actions cannot be joined. *Stirling vs. Garritee*, 18 *Md.*, 469.

Actions in form *ex delicto* cannot be joined with those *ex contractu*. 1 *Chitty's Pleading*, 201.

*Henry W. Archer*, for the appellees.

There is clearly no misjoinder of counts in the declaration. They are both manifestly in *case*. They both charge upon the appellant neglect of duty. And although in the one the alleged neglect is of a duty imposed by law, and in the other of a duty imposed by the condition in the deed under which the company held its railroad track, they are both, in form and substance, actions on

the case for negligence. In the first count it is negligence in the manner of doing what by its charter it had a right to do. In the second, it is negligence in omitting to comply with the conditions upon which it acquired and held its right of way; and it is impossible to comprehend why two such counts cannot properly be joined in the same action. 1 *Chitty's Pleading,* 131, 135, (*margin*); *Platt on Covenants,* 10 *to* 18; *Burnett vs. Lynch,* 12 *Eng. C. L.,* 331, 336.

The Court below were right in rejecting the prayer offered by the appellant.

The question of negligence, and whether such negligence was the proximate or remote cause of the injury, are questions of fact which properly belong to the jury.

There is nothing in the prayer that would authorize the Court to say, as a matter of law, that the fire was communicated to the property of the plaintiffs, "without any negligence on the part of the defendant which contributed directly to the injury." The remoteness of the cause, in the legal meaning of the term, is not determined by any of the facts enumerated in the prayer.

They were properly left to the jury, who were to determine from all the facts and circumstances, whether the injury to the plaintiffs was or was not the *natural consequence* of the defendant's negligence. *Piggot vs. the Eastern Counties Railway Co.,* 54 *Eng. C. L.,* 229; *Smith vs. London and S. W. Railway Co.,* 6 *Com. Pleas,* 14, 20, (*Law Rep.*); *Wellington vs. Downer Kerosene Co.,* 104 *Mass.,* 64; *Boston & Albany R. R. Co. vs. Shanly,* (*Mass.,*) *Am'n Law Reg., Augt.,* 1873, *p.* 500; *Fairbanks vs. Kerr,* 70 *Penn.,* 86; *Westchester & Phila. R. R. Co. vs. McElwee,* 67 *Penn.,* 311; *B. & O. R. R. Co. vs. Fitzpatrick,* 35 *Md.,* 44, 46; *B. & O. R. R. Co. vs. Dougherty,* 36 *Md.,* 377.

MILLER, J., delivered the opinion of the Court.

The first subject of review in this case, is the judgment overruling the demurrer to the declaration. The ground of demurrer is a misjoinder of counts. The declaration contains two counts, of which the first charges that the defendant by its agents and servants so carelessly and negligently drove and conducted its locomotives and cars, that sparks and fire therefrom were dropped, blown, cast and spread by burning in and upon the plaintiffs' fences, trees, timber, grass, wood and rails, and thereby set fire to, burned, consumed, injured and destroyed the same. This is unquestionably a count *in case* founded *in tort*. Whether the second is of the same character, so as to admit of being joined with the first, is the question now to be determined. The appellant's counsel insist that while the first count is *in tort*, the second is *in contract*, and they invoke the familiar rule of pleading that actions in form *ex delicto*, cannot be joined with those *ex contractu*, whilst the appellees contend that both are in form and substance, counts *in case* for negligence, and were properly joined in the same action. This requires us to examine the second count and determine its true character.

It avers in substance that the mother of the plaintiffs, being seized of a certain close and farm, did, on the 11th of August, 1862, make and deliver *her deed*, under her hand and seal, to the defendants, and did thereby grant to them for the purpose of making and using their railroad, the right of way through her lands described in the deed, but subject to the conditions and obligations on their part, to make and keep in repair good and substantial fences between said railroad and her adjoining lands; that by virtue of this deed, the defendants entered into the enjoyment of the right of way through the premises therein mentioned, and have since continued in possession and enjoyment thereof: that they fully accepted the

lands, rights, privileges and ways so granted by said deed, and placed the same upon record, and have used, and still continue to use the right of way so granted for the purpose of their railroad ; whereupon it then and there became, and *was the duty* of the defendants to perform all and singular the covenants and conditions in said deed contained, for and during the time they should remain possessed, and in the actual use and occupancy of the said right of way and land mentioned in said deed: that on the 24th of July, 1871, their said mother died, leaving the plaintiffs, her sole heirs-at-law, who ever since her death have been seized and possessed of the land and all reversions therein described in said deed, and through which the defendants have built their said railroad ; nevertheless the plaintiffs say that the defendants, not regarding their said duty in that behalf, but continuing to injure the plaintiffs in this behalf, did not, nor would after the time the plaintiffs became seized and possessed of the said close and premises, during the time the defendants remained and continued possessed of the aforesaid right of way, using the same and occupying the said land for their railroad, make and keep in repair good and substantial fences between said railroad and the adjoining lands of the plaintiffs mentioned in said deed of their said mother, but suffered and permitted the said fences to be and remain out of repair for a long space of time, to wit, from the said 24th day of July, 1871, hitherto, by reason whereof the plaintiffs' land has suffered from the inroads of cattle, and their crops have been destroyed, and the plaintiffs' cattle have been enabled to escape from their enclosure to the great damage of said plaintiffs, and the plaintiffs have been unable to cultivate and pasture their lands for want of the fences which the defendants ought to have built; wherefore the plaintiffs say they have sustained damages to the value of $5000, and therefore they bring their suit.

The question is not whether covenant or any other form of action *ex contractu* could have been brought by the plaintiffs against the defendants for breach of the conditions of this deed, but whether they can maintain an action on the case founded *in tort* for neglect of the duty and obligation to make and keep in repair these fences and consequent damage, and whether this is a count of that nature. Both of these questions would seem to be answered in the affirmative by the opinions of all the Judges in *Burnett vs. Lynch*, 5 *Barn. & Cress.*, 589. In that case a lessee under a lease containing covenants on his part to pay the rent, paint the premises every five years and keep the same in good repair, assigned by *deed-poll* his interest in the term to another, *subject to the payment of the rent and the performance of the covenants contained in the lease.* The assignee took possession and held the premises for a time under this assignment. The lessor sued the executors of the lessee for breaches of the covenant committed during the time the assignee remained in possession, and recovered damages, which the executors were compelled to pay. The latter then brought an *action upon the case, founded in tort* against the assignee of their testator, for having neglected to perform the covenants of the lease during the time he continued assignee, whereby the plaintiffs had sustained damage, and upon motion in arrest of judgment, it was held the action was well brought. All the Judges concurred in opinion that no matter whether covenant or *assumpsit* could have been sustained, the defendant was liable in the form of action adopted. BAILEY, J., says, "it is not necessary to decide whether *assumpsit* or covenant will lie; but I have no difficulty in saying, that an action upon the case founded upon the tort will lie, on this ground, that from the facts stated in this declaration the law raises a duty in the defendant to perform the covenants, that there has been a breach of that duty, and that

damage has accrued to the plaintiffs in consequence of that breach of duty." So LITTLEDALE, J., in his judgment, says, "But it is said that the plaintiff ought to have brought *assumpsit,* that being the form of action best adapted to his case. Assumpsit lies where a party claims damages in consequence of a breach of promise not under seal. That promise may be either express or it may be implied from a legal obligation to do a particular act. Where there is an express promise and a legal obligation results from it, then the plaintiff's cause of action is most accurately described in *assumpsit,* in which the promise is stated as the gist of the action. But where, from a given state of facts, the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, there, although *assumpsit* may be maintainable upon a promise implied by law to do the act, still an action on the case founded in tort, is the more proper form of action, in which the plaintiff in his declaration states the facts out of which the legal obligation arises, the obligation itself, the breach of it, and the damage resulting from that breach. For that is the most accurate description of the real cause of action ; and that form of action in which the real cause of action is most accurately described, is the best adapted to every case. * * A breach of duty in the defendant, and a damage resulting therefrom to the plaintiffs is a proper subject for an action on the case in tort."

The averments of this second count are substantially the same, and, in the material parts, identical with those of the declaration in the case just referred to. There was here no express promise by the defendants, the railroad company, to make and keep in repair these fences. They did not sign the deed, and their obligation to perform this condition of it arose from the facts that they accepted the grant, and used and enjoyed the right of way under

and subject to the conditions imposed by the grantor.
From these facts, the law imposed upon them the obliga-
tion to do the acts which they have neglected to perform,
whereby damage has resulted to the plaintiffs.    This
count sets out the facts from which this legal obligation
arose, the obligation, the breach or neglect to perform it,
and the resulting damage; and this, according to the
authority referred to, makes it an action on the case
founded in *tort*.    We have not found, as intimated in the
brief of the appellants' counsel, that the authority of the
case of *Burnett vs. Lynch* on *this point* has been over-
ruled, shaken or questioned by any subsequent decision
of the English Courts.    On the contrary, we find that
the judgment of LITTLEDALE, J., therein, is quoted and
adopted as a correct statement of the law on this subject
in the last edition of *Chitty on Pleading, vol.* 1, *page* 135.

Such being the nature and character of this second
count, there is no difficulty in joining it with the first.
They are both counts *in tort*, may be met by the same
plea and followed by the same judgment, and whenever
the same plea may be pleaded, and the same judgment
given on two counts, they may be joined in the same
declaration.    *Williams vs. Bramble*, 2 *Md.*, 313.    The
demurrer to the declaration was therefore properly over-
ruled.

The sole remaining question in the case arises upon the
refusal of the Court to grant a prayer offered by the
defendants.    They proved that the fire for which damages
are claimed in the first count of the declaration, com-
menced on a lot owned by one Heckart, immediately
adjoining the railroad, that this lot was covered with
broom-sedge and dried grass, that the fire burned across
this lot for a distance of one hundred and fifty yards in
an easterly direction to the land of the plaintiffs, that
there it encountered plaintiffs' fence and dry grass on
their land, and catching to these, spread into the land of

the plaintiffs, and there destroyed certain young locust and chestnut timber growing on said land, and also certain fences and fence-rails. They then asked the Court to instruct the jury, that if they believe from the evidence, that the fire complained of was communicated to weeds and grass on the land of Mr. Heckart, and burned about one hundred and fifty yards across said lands in the grass there existing, and then caught to plaintiffs' fence and leaves, grass and weeds on their land, at the fence, the boundary between their land and that of Mr. Heckart, and thence spread and burned into the plaintiffs' woods, that then the plaintiffs cannot recover in this action, provided the jury shall believe that the fire was not first communicated by defendants to the plaintiffs' woods. This instruction the Court refused to give, and to this rule the defendants excepted.

In the case of the *Annapolis and Elkridge Railroad Co. vs. Gantt, ante p.* 115, this Court has considered the question here presented. That case was twice most ably and elaborately argued, once orally at bar, and then on written notes under an order for re-argument. All the authorities bearing upon the subject, were cited and earnestly pressed upon the attention of the Court, and received a most careful consideration. It would be useless to repeat here the views and conclusions so recently expressed and arrived at in that case. There the fire commenced on the track of the road, in some dry grass, at the end of the cross-ties, and spread thence up the adjacent bank, through bark, old stumps and litter, over the land condemned for the defendant's road, and thence to the plaintiff's wood and timber, situated a part of it, within fifty feet of the track, and extending to the distance of about two hundred feet. It was there insisted, that for such injury, the company was not liable, because it was the *remote* and not the *proximate* consequence of their negligence. The Court however, determined the

question against the Company. The present case falls directly within the reasoning of that decision. The fact that the fire here was communicated first, to the broomsedge and dried grass on the land of the adjacent proprietor, and spread thence in the manner stated, over his lot to the adjoining field and land of the plaintiffs makes no difference in the application of the principles adopted in that case. The responsibility for injuries resulting from such fires, is not confined by law or by the provisions of the Code, to cases where the proprietors of lands which lie immediately adjacent to the railroad track suffer. Adjacent *ownership* has nothing to do with the question, for it can neither extend nor limit the defendant's responsibility. The case presented by the defendant's prayer, has nothing in it tending to show the injury inflicted was a remote, incidental, or exceptional, and not a near and natural consequence of the company's negligence. The fire destroyed and injured the plaintiffs' property in its natural and direct course, and by naturally and gradually spreading from the place where it commenced, without any intervening force or power to stand as the cause of the misfortune, and the injury suffered was, therefore, its proximate effect. The only authority in addition to those considered in *Gantt's Case*, to which we shall refer, is that of *Higgins vs. Dewey*, 107 *Mass. Rep.*, 494.

There was no error in the rejection of this prayer, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 18th December, 1873.)